# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:11CV-00072-JHM**

**MICHAEL S. SACKOS**                                                                           **PLAINTIFF**

vs.

**GEICO INSURANCE AGENCY, INC.**                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Geico Insurance Agency, Inc., for summary judgment on Plaintiff's claim of bad faith [DN 11]. Fully briefed, this matter is ripe for decision.

## BACKGROUND

This case arises out of a motor vehicle accident that occurred on September 24, 2009, in Pulaski County, Kentucky. At the time of the accident, Plaintiff, Michael Sackos, was insured by the Defendant, Geico Insurance Agency, Inc. Plaintiff represents that as a result of the injuries sustained in the accident, he has been required to incur medical expenses and will continue to incur medical expenses in the future. By letter dated February 10, 2010, the Defendant notified the Plaintiff that it was discontinuing the payment of basic reparation benefits for medical expenses incurred by Plaintiff.

Plaintiff filed this action in the Russell Circuit Court on February 9, 2011. Plaintiff alleges that he has been wrongfully denied basic reparation benefits. Specifically, Plaintiff claims that the discontinuance of the payment of the Plaintiff's medical expenses was a breach of contract on the part of the Defendant and "was done and exercised in bad faith toward the Plaintiff." (Complaint at ¶ 12.) Plaintiff also claims that the discontinuance of the payment of the medical expenses

violated KRS § 304.39, *et seq.*, specifically KRS §304.39-010, KRS §304.39-040, and KRS §304.39-210. Plaintiff further alleges that the conduct of the Defendant in terminating personal injury protection payments for the Plaintiff's medical expenses is violative of KRS §411.184 and KRS §411.186, thereby entitling Plaintiff to punitive damages against the Defendant. Defendant removed this action from the Russell Circuit Court to this Court on May 13, 2011.

Defendant now moves for summary judgment on the Plaintiff's allegation of insurance bad faith arguing that a claim of insurance bad faith cannot be based on a denial of basic reparation benefits pursuant to Foster v. Kentucky Farm Bureau Mutual Ins. Co., 189 S.W.3d 553 (Ky. 2006).

## STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1).

2

"The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

## DISCUSSION

The Kentucky Motor Vehicle Reparations Act ("MVRA") "is a comprehensive act which not only relates to certain tort remedies, but also establishes the terms under which insurers pay no-fault benefits, and provides for the penalties to which insurers are subjected if they fail to properly pay no-fault benefits." Couch v. Northland Ins. Co., 2007 WL 1610185, *4 (E.D. Ky. May 31, 2007)(citing Foster v. Kentucky Farm Bureau Mutual Ins. Co., 189 S.W.3d 553, 557 (Ky. 2006)). Specifically, under the MVRA statutory scheme, the limited penalty for overdue payments is interest at a rate of 12% per annum. Couch, 2007 WL 1610185, *4(citing KRS § 304.39-210(2)). "If the delay in payment was without reasonable foundation, the interest rate becomes 18% and attorney fees are also potentially recoverable." Id. (citing KRS § 304.39-220(1)). "[W]here a statute both declares the unlawful act and specifies the civil remedy available, the aggrieved party is limited to the remedy provided by the statute." Foster, 189 S.W.3d at 557(citing Grzyb v. Evans, 700 S.W.2d 399, 401 (Ky.1985)). Thus, the MVRA is the "exclusive remedy where an insurance company wrongfully delays or denies payment of no-fault benefits." Foster, 189 S.W.3d at 557).

In the present case, Plaintiff premises his case directly upon alleged wrongful termination of his basic reparation benefits or no-fault benefits. Foster clearly provides that the MVRA provides the exclusive remedy available to Plaintiff where an insurance company denies payment of no-fault benefits. Foster, 189 S.W.3d at 557. This principle has also been followed in subsequent federal and state courts. See, e.g., Korthals v. Grange Ins., 2006 WL 3306843 (W.D. Ky. Nov. 9, 2006);

Couch., 2007 WL 1610185; Oakes v. Allstate Ins. Co., 2008 WL 294569, *3 (W.D. Ky. Jan. 31, 2008); Schroeder v. Kentucky Farm Bureau Mutual Insurance Co., 2008 WL 465500, *1 (Ky. Ct. App. Feb. 22, 2008); Hartley v. Geico Casualty Co., 2006 WL 2786929, *1 (Ky. Ct. App. Sept. 29, 2006). Thus, the Court finds that the MVRA governs the claims and relief at issue in this matter, and Plaintiff's claim for bad faith is barred by the MVRA.

The Court rejects Plaintiff's argument that because his bad faith claim is based solely upon common law, Foster does not mandate the dismissal of Plaintiff's claim. A review of the case law reflects that bad faith claims brought under both common law and under the Unfair Claims Settlement Practices Act ("UCSPA") are barred because the MVRA provides the exclusive remedy for the delay or denial of basic reparation benefits. See Korthals v. Grange Ins., 2006 WL 3306843, *1-*2 (common law claim for bad faith is subsumed by the MVRA); Schroeder, 2008 WL 465500, *1 (bad faith claims brought under both common law and UCSPA barred by MVRA).

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Geico Insurance Agency, Inc., for summary judgment on Plaintiff's claim of bad faith [DN 11] is **GRANTED**.

cc: counsel of record